THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRET MICHAEL EDMUNDS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**<br><br>Case No. 2:17-cr-00276-DN<br><br>District Judge David Nuffer |

Defendant Bret Michael Edmunds seeks a reduced sentence or compassionate release ("Motion") based on his health and the risks to his health if he contracts COVID-19.[1] The government and the United States Probation Office oppose Mr. Edmunds's Motion.[2]

Because Mr. Edmunds failed to exhaust his administrative remedies before filing his Motion, and because Mr. Edmunds fails to demonstrate extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, his Motion[3] is DENIED.

## DISCUSSION

### Mr. Edmunds failed to exhaust his administrative remedies

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 40, filed June 21, 2022.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 46, filed Sept. 23, 2022; First Step Act Relief Recommendation ("Recommendation"), docket no. 42-2, filed under seal June 29, 2022.

[3] Docket no. 40, filed June 21, 2022. Mr. Edmunds deadline to file a reply brief in support of his Motion has passed without his filing a reply or requesting for extension of time. Regardless, based on the issues presented in Mr. Edmunds's Motion and the record evidence, a reply would not materially affect the determination on the Motion.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

Mr. Edmunds asserts that he submitted a request for relief under the First Step Act to the warden at FCI Sheridan (where he was previously incarcerated) on April 2, 2021.[6] But Mr. Edmunds provides no evidence to support this assertion. The government's search of the BOP's records also revealed that Mr. Edmunds has not submitted a request to FCI Sheridan's warden or the warden at FCI Herlong (where he is currently incarcerated).[7] And the government represented that in communicating this with Mr. Edmunds's counsel, counsel confirmed that no additional documentation exists to substantiate Mr. Edmunds's assertion.[8] Therefore, Mr. Edmunds fails to establish that he exhausted his administrative remedies prior to filing his Motion.

Because Mr. Edmunds failed to exhaust his administrative remedies prior to filing his Motion, the Motion[9] is DENIED. Nevertheless, the requirement to exhaust administrative remedies is "a claim processing rule," not jurisdictional.[10] Therefore, the merits of Edmunds's Motion may also be addressed.

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] Motion at 6.

[7] Response at 2.

[8] *Id*.

[9] Docket no. 40, filed June 21, 2022.

[10] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-1031 (10th Cir. 2021).

**Mr. Edmunds is not entitled to a reduced sentence or compassionate release**

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[11]

**Mr. Edmunds fails to demonstrate extraordinary and compelling reasons to warrant a reduced sentence or compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[12] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[13]

Mr. Edmunds argues that his health and his heightened risk of severe COVID-19 illness, constitute extraordinary and compelling reasons to warrant a reduced sentence or compassionate release.[14] Mr. Edmunds's arguments lack merit. Whether considered individually or collectively, Mr. Edmunds's circumstances do not constitute extraordinary and compelling reasons to warrant a reduced sentence or compassionate release.

---

[11] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[12] *Id*. at 832.

[13] *Id*. The USSC has defined "extraordinary and compelling reasons" to include serious medical conditions, the defendant's age, and certain family circumstances. U.S.S.G. 1B1.13. However, this policy statement is not applicable to Mr. Edmunds's Motion. *Maumau*, 993 F.3d at 837.

[14] Motion at 6-15.

Mr. Edmunds is 47 years old and suffers from obesity and heart issues.[15] He asserts that his heart issues have not been adequately investigated during his incarceration.[16] However, Mr. Edmunds's BOP Medical Records reflect that he regularly and consistently receives adequate testing and treatment.[17] He has received multiple cardiovascular exams and EKGs, each of which has shown a normal rate, a regular rhythm, and no significant abnormalities.[18] On this record, Mr. Edmunds's conditions do not rise to the level of imminent death, and his conditions do not prevent him self-care while incarcerated. Mr. Edmunds's health does not constitute an extraordinary and compelling reason to warrant compassionate release.

Mr. Edmunds next argues that the risk of serious illness from COVID-19 warrants compassionate release.[19] Mr. Edmunds's medical conditions place him in the high-risk category of suffering serious complications or death if he contracts COVID-19.[20] But Mr. Edmunds has received both doses of the Moderna COVID-19 vaccine.[21] And current CDC guidance states that COVID-19 vaccines "are effective at protecting people from getting seriously ill, being hospitalized, and dying."[22]

As of October 25, 2022, FCI Herlong has no active cases of COVID-19 among inmates, and four active cases among staff.[23] FCI Herlong is also currently on level one operations,

---

[15] *Id*. at 6; First Step Act Relief Eligibility Report ("Report") at 2, docket no. 42, filed under seal June 29, 2022; BOP Medical History and Discipline Records, docket no. 47-1, filed under seal Sept. 23. 2022.

[16] Motion at 6.

[17] BOP Medical History and Discipline Records.

[18] *See e.g.*, *Id*. at BG-BME-04-00001.04, BG-BME-04-00001.17, BG-BME-05-00001.07, BG-BME-05-00001.17, BG-BME-05-00001.20.

[19] Motion at 6-15.

[20] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 25, 2022).

[21] BOP Medical History and Discipline Records at BG-BME-05-00001.35, BG-BME-06-1.17.

[22] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited Oct. 25, 2022).

[23] https://www.bop.gov/coronavirus/ (last visited October 25, 2022).

meaning operational modifications are minimal.[24] There is only the potential that Mr. Edmunds may contract COVID-19 despite being fully vaccinated. This potential exists whether Mr. Edmunds remains in custody or is granted a reduced sentence or compassionate release. On this record, the threat of COVID-19 to Mr. Edmunds does not constitute an extraordinary and compelling reason to warrant a reduced sentence or compassionate release.

Therefore, Mr. Edmunds fails to demonstrate extraordinary and compelling circumstances to warrant a reduced sentence or compassionate release.

**The relevant factor of 18 U.S.C. § 3553(a) do not support granting a reduced sentence or compassionate release**

Even if Mr. Edmunds had demonstrated extraordinary and compelling reasons to warrant a reduced sentence or compassionate release, the relevant factors of 18 U.S.C. § 3553(a) do not support granting him a reduced sentence or compassionate release. Mr. Edmunds was convicted of one counts of bank robbery and one count of credit union robbery.[25] These charges were part of a seven-count indictment in which Mr. Edmunds was alleged to have four banks and three credit unions between February 8, 2017, and April 13, 2017.[26] Mr. Edmunds also robbed or attempted to rob several businesses around that same time period.[27] Mr. Edmunds's criminal history goes back 22 years and includes convictions for burglary, forgery, failure to stop or respond at command of police, assault against a police officer, and robbery.[28] Mr. Edmunds's criminal history placed him in category III, and his total offense level was 21.[29] His guideline

---

[24] *Id*.

[25] Judgment in a Criminal Case ("Judgment") at 1, docket no. 35, filed Jan. 9, 2018.

[26] Presentence Investigation Report ¶ 7 at 5, ¶¶ 9-14 at 6, docket no. 32, filed under seal Dec. 29, 2017.

[27] *Id*. ¶¶ 4-6 at 5, ¶ 8 at 6.

[28] *Id*. ¶¶ 45-47 at 9-11

[29] *Id*. ¶ 41 at 9, ¶ 49 at 11.

range of imprisonment was 46 to 57 months.[30] He was sentenced to 112 months pursuant to a Rule 11(c)(1)(C) plea agreement, which also resulted in the dismissal of five counts in the Indictment.[31] He was also sentenced to a 36-month term of supervised release.[32]

Mr. Edmunds acknowledges the seriousness of his offenses, but argues that he has been sufficiently rehabilitated.[33] However, Mr. Edmunds has served approximately 66 months (~59%) of his 112-month prison sentence.[34] And while serving his sentence, Mr. Edmunds has had a disciplinary infraction for "Use of Drugs/Alcohol."[35]

On the other hand, Mr. Edmunds has completed a Drug Education course, and is waiting to attend the Resolve Workshop.[36] He has also had work assignments in food service, dining room, orderly, recreation, kitchen crew, and pastoral care.[37] Mr. Edmunds's attendance of classes and work while incarcerated is commendable. But this record does not demonstrate that he is rehabilitated.

Considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the serious nature and circumstances of Mr. Edmunds's offenses, the appropriateness of the original 112-month sentence, and the need to protect the public from further crimes weigh heavily against granting a reduced sentence or compassionate release. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not support granting Mr. Edmunds a reduced sentence or compassionate release.

---

[30] *Id.* ¶ 79 at 17.

[31] *Id.* ¶ 80 at 17; Judgment at 1-2.

[32] Judgment at 3.

[33] Motion at 14.

[34] Report ¶ 2 at 3.

[35] *Id.* ¶ 16 at 5.

[36] *Id.* ¶ 17 at 5.

[37] *Id.*

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Edmunds's Motion[38] is DENIED.

Signed October 28, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[38] Docket no. 40, filed June 21, 2022.